# EXHIBIT A

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
570-658-3448
Plaintiff - pro se

| | | |
|---|---|---|
| Robert D. Kline, J. D. | ) | IN THE COURT OF COMMON COPY |
| | ) | PLEAS, SNYDER COUNTY, PA |
| | ) | CIVIL ACTION - LAW |
| | ) | NO. CV – 2 - 2017 |
| PLAINTIFF | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| Wells Fargo Bank, National Assoc. | ) | |
| | ) | |
| DEFENDANT | ) | |

## "PLAINTIFF'S COMPLAINT"

PROTHONOTARY
SNYDER CO., PA
2017 MAR -3 PM 12: 16
FILED

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
570-658-3448

Wells Fargo Bank, N.A. c/o
Corporation Service Company
2595 Interstate Dr.
Harrisburg, PA 17110

Atty. James W. Kraus
38th Floor, One Oxford Centre
Pittsburgh, PA 15219
412-263-4370

Robert D. Kline, J. D.      )   IN THE COURT OF COMMON
                             )   PLEAS, SNYDER COUNTY, PA
                             )   CIVIL ACTION - LAW
                             )   NO. CV – 2 - 2017
                             )
           PLAINTIFF       )
   V.                         )
                             )
                             )
Wells Fargo Bank, National Assoc.  )
                             )
         DEFENDANT     )

COPY

## NOTICE

     You have been sued in court.  If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may loose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THIS OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

COURT ADMINISTRATOR
SNYDER COUNTY COURTHOUSE
P. O. BOX 217
MIDDLEBURG, PA 17842
570-837-4359

PROTHONOTARY
SNYDER CO., PA

2017 MAR -3  PM 12: 16

FILED

Robert D. Kline, J. D.      )    IN THE COURT OF COMMON
                                   )    PLEAS, SNYDER COUNTY, PA
                                   )    CIVIL ACTION - LAW
                                   )    NO. CV – 2 - 2017
                **PLAINTIFF**    )
**V.**                               )
                                   )
Wells Fargo Bank, National Assoc.  )
                                   )
          **DEFENDANT**    )

## PLAINTIFF'S COMPLAINT

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841.

2. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant **Wells Fargo Bank, National Association** has commercial office space located at Corporation Service Company, 2595 Interstate Dr., Harrisburg, PA 17110.

3. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant is engaged in, inter alia, banking, telemarketing and other related businesses at various locations throughout the United States of America.

4. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant is "person" as defined by 47 U. S. C. §153(39).

5. Plaintiff believes and therefore avers that Defendant engages in various marketing schemes via telephone (phone) to make live, robo and prerecorded

sales calls (telemarketing) to prospective client's cell phones through their own agents, employees as well as subcontractors collectively ("agents") without prospective client's written expressed permission or an established business relationship.

6.   Such telemarketing activities are done in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

7. All initial phone calls placed by Defendant's agents to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227 (a)(1).

8. Defendant's agent's ATDS has the capacity to store or produce telephone numbers to be called which uses a random or sequential number generator to make calls in violation of 47 U.S.C. §227 (b)(1)(A) et seq.

9. Plaintiff avers that he has never provided any contact permission type information that would allow Defendant to solicit him on his cell phone; nor has Plaintiff purchased or used any goods offered by the Defendant within the past 18 months prior to the phone call referenced below.  Plaintiff further avers that he has never given his expressed written permission for Defendant or their agents to call him at any time prior to the filing of this Complaint.

10.  When Congress enacted the TCPA they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the subscriber may have to pay for each call.

11.  Plaintiff avers that the TCPA legislation was enacted to suppress illegal

telemarketing calls that are like the call that is described herein below as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

12. Defendant agent's phone calls constitute calls that were not for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

13. The phone call described herein which was generated by Defendant agents to Plaintiff specifically violated 47 U. S. C. §227(b)(1)(A)(iii) and was an ATDS calls.

COUNT I - VIOLATION OF  47 U.S.C. 227 et seq.

14. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

15. On October 12, 2016 at 4:40 PM Eastern Standard Time, Plaintiff answered his cell phone (570-658-3448) and he detected silence and then a "blip" noise after which the agent identified his company as Wells Fargo Bank calling from 952-242-2732.

16. The phone call described above, which was made to Plaintiff's cell phone without his expressed written permission, was a telemarketing offer to broker business services.

17. The phone call referenced in Paragraph (16) above offered no "opt out" capability or other means of registering for the company "do not call" list as required by law.

18. Plaintiff has suffered injury in fact because the call of the Defendant's agents caused him to have to pull off the road and spend time to investigate who

or what entity is repeatedly calling him in an effort to get it stopped.  As further injury the Plaintiff's calling plan is diminished.

19.  Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

20.  Plaintiff believes and therefore avers that Defendant is a sophisticated businesses organization and with various agents all of which "knowingly and willfully" engage in phone calling practices which are in violation of 47 U.S.C. 227 et seq., Plaintiff is therefore entitled to damages of $1500.00 as provided by the law referenced herein this paragraph, since the telemarketing call was made willfully.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1500.00) plus the costs of this action.

## COUNT II - TRESPASS TO CHATTELS

21.  Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

22.  Plaintiff pays money to AT&T for the cell phone services and the various phone calls he makes or receives ("his calling plan")  and, therefore, his calling plan for all purposes herein is his personal property to be used as only he sees fit.

23.  The  phone call, which is identified and described in Count I herein, was

made illegally against federal law by or through Defendant or her agents to Plaintiff which was unwanted and unsolicited by Plaintiff and thus it illegally takes minutes and/or depletes his calling plan.

24. Since said phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendant's agent's call to Plaintiff was made without his permission, therefore Defendant is liable for trespass to chattels, since it consumed minutes and thus damaged the Plaintiff.

25. Since Plaintiff has had his property damaged by Defendant he is entitled to seek money damages from them in the amount of One Dollar ($1.00).

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT III – INVASION OF PRIVACY

26. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

27. Defendant agents over the last 20 months have repeatedly called Plaintiff and will not quit despite attempts to get them to stop.

28. Defendant agents are a sophisticated telemarketing organization that acts volitionally, plays the odds against prosecution, ignores the rights of the Plaintiff and seems to be undeterred despite having been in violation of the law in numerous ways.

29. Given the averments pleaded in this Count III as well as others, Plaintiff considers the methods of conducting business and actions of the Defendant that are described herein to be and invasion of privacy as they are outrageous and

highly offensive which has caused the Plaintiff anxiety, mental distress as well as loss of joy of life.

30. Defendant agents, by engaging in the behaviors described herein especially in light of the efforts the Plaintiff has made to protect his phone privacy, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy.

WHEREFORE Plaintiff demands judgment against Defendant in the amount of $1000.00 plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Plaintiff pro se
570-658-3448

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and he understands that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

March 3, 2017

-------------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

On March 3, 2017 the Plaintiff mailed a copy of Plaintiff's Complaint by first class post paid to the Defendant's attorney of record addressed as follows:

Atty. James W. Kraus
38th Floor, One Oxford Centre
Pittsburgh, PA 15219

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448